IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| OLIN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. **99-1127-CV-W-2** -ECF |
| | ) | |
| THE UNITED STATES DEPARTMENT OF THE ARMY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

**The Court** hereby enters its Protective Order limiting disclosure of certain material and information produced in the above-captioned matter, so that no **party** obtaining access to protected material under this Order will gain a competitive advantage as a result of the disclosure. Material to which parties gain access under this protective order is to be used only for this action, absent express prior authorization by the Court. Such authorization must be requested in writing, with notice to all parties.

1. This protective order applies to all material that is identified by any party as Protected Material unless the Court specifically provides otherwise, including, but not limited to, all documents and information designated as protected information in GAO Protest File No. B-283401, B-283401.2, B-283402, B-283402.2, In the Matter of Olin Corporation – Winchester Division (the "Protest").

2. Protected Material of any kind may be provided only to individuals authorized by this protective order and must be in a sealed parcel containing the legend "PROTECTED MATERIAL ENCLOSED" conspicuously placed on the outside of the parcel containing the protected information, or, alternatively, by telecopy with a cover page clearly indicating that



Protected Materials are attached. The first page of each document containing Protected Materials is to be clearly marked as follows:

PROTECTED MATERIAL
TO BE DISCLOSED ONLY IN ACCORDANCE WITH
PROTECTIVE ORDER

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection.

3. Any party that files a pleading or other paper containing Protected Material must file that pleading under seal in accordance with the requirements established in this court.

4. With respect to the private parties to this action, only specifically identified attorneys (as designated in Exhibit A to this protective order) employed by Polsinelli, White, Vardeman, & Shalton, A Professional Corporation; Smith, Pachter, McWhorter & D'Ambrosio, P.L.C.; Husch & Eppenberger, LLC; and McKenna & Cuneo, L.L.P., their support staffs (paralegal, clerical and administrative personnel) and retained expert witnesses or consultants who are employed, supervised or retained by the specifically identified attorneys, and who are not involved in competitive decisionmaking for a party to this action or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. The specifically identified attorneys shall advise such support staff and retained expert witnesses, prior to providing them access to protected material, of their obligations under this order. Additional attorneys may be added by consent of the parties or upon application to this court.

5. With respect to defendant United States Department of the Army, any attorneys employed by the government and involved in the defense of the action and any agency personnel involved in the source selection process in the procurement that is the subject of this litigation,

their support staffs (paralegal, clerical and administrative personnel) and retained expert witnesses or consultants who are employed, supervised or retained by the government attorneys, and who are not involved in competitive decisionmaking for a party to this action or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. The government attorneys shall advise such support staff and retained expert witnesses, prior to providing them access to protected material, of their obligations under this order.

6. Admission of expert witnesses or consultants under this protective order shall be permitted only upon application to and approval by the court. The form of the application shall be substantially similar to the GAO application attached as Exhibit B to this protective order.

7. When any party sends or receives documents in connection with this action that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not counsel of record in this action, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not authorized to receive them under this protective order.

8. Each individual covered under this protective order shall take all necessary precautions to prevent disclosure of protected material, including but not limited to physically securing, safeguarding, and restricting access to the protected material. The confidentiality of protected material shall be maintained in perpetuity.

9. Within 20 days after the entry of a final nonappealable order disposing of this action, all protected material furnished to individuals under this protective order, including all copies of

such material, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed, and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Any individual retaining material received under this protective order beyond the 20-day period without the authorization of this Court or the prior written agreement of the party that produced the material is in violation of this order.

10. Any violation of the terms of this protective order may result in the imposition of such sanctions as the Court deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

Dated: NOV 2 4 1999

U.S. District Judge

EXHIBIT A
TO PROTECTIVE ORDER
SPECIFICALLY DESIGNATED ATTORNEYS


Polsinelli, White, Vardeman & Shalton, A Professional Corporation

Cathy J. Dean


Smith, Pachter, McWhorter & D'Ambrosio, P.L.C.

John S. Pachter
Jonathan D. Shaffer
Jennifer H. McCabe
Jennifer Mahar


Husch & Eppenberger, LLC

Alan Popkin
David Sobelman
Robert Best
Joel Goldman


McKenna & Cuneo, L.L.P.

Thomas C. Papson
Robert J. Sherry
Patrick K. O'Keefe
Dana Pashkoff

.270249342.doc