IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| OLIN CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99-1127-CV-W-2 |
| | ) | |
| THE UNITED STATES | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| And | ) | |
| | ) | |
| ALLIANT TECHSYSTEMS, INC. | ) | |
| | ) | |
| Intervenor-Defendant. | ) | |

**PLAINTIFF OLIN CORPORATIONS' REPLY TO
DEFENDANT ALLIANT TECHSYSTEMS INC.'S
OPPOSITION TO MOTION TO EXPEDITE BRIEFING**

Plaintiff Olin Corporation ("Olin"), for its reply to Defendant Alliant's Opposition to the Motion to Expedite, states as follows:

Currently pending are two motions filed by Plaintiff Olin Corporation. The first, Olin's Motion for Leave to Conduct Limited Discovery (the "Discovery Motion"), seeks leave to take a single deposition and submit a two paragraph document request. The second, Olin's Motion to Expedite Briefing and Discovery (the "Motion to Expedite") seeks an expedited briefing schedule on the Discovery Motion and to shorten the time for the Army's response to Olin's document request (to coincide with the timing of the deposition).

Alliant has now submitted what claims to be an opposition to Olin's Motion to Expedite. The bulk of Alliant's brief, however, focuses not on the issue of expediting the briefing schedule on Olin's Discovery Motion, but rather on the merits of that motion. Alliant repeatedly asserts at length that Olin should not be allowed the requested discovery, in particular the requested deposition, for a variety of reasons. Alliant Br., pp. 2-6. This, however, is not the issue presented by the Motion to Expedite. The issue now before the Court is whether, under the circumstances, one week (rather than 12 days) is enough time for Alliant to respond on the merits to Olin's Discovery Motion. Alliant's vigorous argument of the merits of the Discovery Motion in its opposition to the Motion to Expedite speaks more eloquently to its ability to make those arguments on an expedited basis than any argument Olin could make. Clearly, Alliant had and has the ability to present these arguments to the Court promptly, but Alliant simply chooses to oppose Olin's Motion to Expedite.

Putting aside Alliant's many arguments as to whether Olin should be allowed to conduct any discovery, the principal argument Alliant makes on the issue of whether briefing and discovery should be expedited is that the Court's denial of Olin's motion for preliminary injunction somehow operates as a ruling that this case deserves no "emergency" treatment and should rather be put "on a regular schedule for further disposition." Alliant Br., p. 6. This simply is not the case. The Court did not base its denial of Olin's motion for preliminary injunction on lack of urgency. Rather, the Court simply decided that, at the preliminary

injunction stage, Olin had failed to carry its burden of demonstrating all of the factors necessary for preliminary injunctive relief.  Nowhere in its Order did the Court find that the April 3, 2000 start date for the Alliant contract is an artificial or meaningless deadline.  To the contrary, the Court specifically noted the significance of that date in addressing the issues of irreparable harm to Olin and the balance of harms among all the parties.  2-7-00 Order at 34-35.  The significance of that date to all parties, and the urgency thereby created, remains.

Finally, Alliant asserts that Olin should have sought the requested discovery earlier.  Primarily, Alliant seems to make this as an argument on the merits of the Discovery Motion, asserting that Olin's request to depose the witness at issue should be denied because he was not a witness in the GAO proceeding and because Olin did not ask for his deposition at some earlier stage of this action.  Although Olin will reserve its response on the merits of the Discovery Motion for its reply suggestions in support of that motion, this issue bears some brief comment.  Alliant cites no authority for the proposition that witnesses not called in GAO hearings cannot be deposed in District Court proceedings.  Alliant also points to no authority for its novel argument that statements or letters from the Defendants' counsel to the effect that they would oppose any and all discovery or supplementation of the record somehow triggers an immediate obligation on the part of the Plaintiff to map out its discovery and supplementation strategy, including all possible iterations thereof, in advance.  Nothing in the Federal Rules imposes such a requirement upon Olin.

Moreover, this argument overlooks the significance of the Court's observation, in its order denying Olin's motion for preliminary injunction, that improper post-BAFO discussions may have occurred, but that Olin had not demonstrated sufficient prejudice from those discussions at the preliminary injunction stage.  The fact is that Olin has proceeded as expeditiously as possible throughout these proceedings.  Olin's motion for preliminary injunction was filed promptly and briefed on an expedited schedule.  That schedule included Olin's replying to Alliant's and the Army's opposition briefs (which were much longer and more wide-ranging that Olin's suggestions in support of its Discovery Motion) in five calendar days which included the New Year's holiday.  The Court ruled promptly after that motion was fully briefed.  That ruling highlighted the post-BAFO issue as one which the Court felt Olin had made a strong showing that the Army may have violated applicable procurement regulations.

Promptly thereafter, with proceedings on the merits still to be conducted, and with the April 3, 2000 Alliant contract start date still looming, Olin filed motions seeking to proceed on an expedited basis with very limited discovery.  This discovery is tailored to a single, precise issue to which the parties had previously devoted relatively little attention, but which the Court has found is of more significance than the other issues to which the parties had previously devoted their efforts.  Olin's wish to take a single deposition to explore this issue in preparation for the merits is not the result of any dilatory conduct, but is rather an effort to

proceed toward resolution of the merits in the most expeditious and efficient manner.

The timing of Olin's pending motions is consistent with the prompt manner in which Olin has conducted its part in these proceedings from the start. Alliant's actual ability to respond on the merits to Olin's Discovery Motion in the time proposed by Olin is demonstrated by its having, in effect, done so. The expedited briefing and limited discovery proposed by Olin should go forward as requested.

WHEREFORE, Olin respectfully requests that this Court enter its Order granting its motion to expedite briefing and discovery.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: /s/ Joel K. Goldman
   Joel K. Goldman, #40453
   1200 Main Street, Suite 1700
   Kansas City, MO 64105
   Office: (816) 421-4800
   Fax No.: (816) 421-0596

   Alan E. Popkin, #19229
   David W. Sobelman, #32253
   David R. Dyroff, Jr., #38727
   100 North Broadway, Suite 1300
   St. Louis, MO 63102

Attorneys for Plaintiff

Of Counsel:

Thomas C. Papson
Patrick K. O'Keefe
Dana B. Pashkoff
McKENNA & CUNEO, L.L.P.
1900 K Street, N.W.
Washington, DC 20006

Robert J. Sherry
McKENNA & CUNEO, L.L.P.
Steuart Street Tower
One Market Plaza
San Francisco, CA 94105

Dated: February 18, 2000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this 23rd day of February, 2000, by e-mail and first class mail, postage prepaid to:

Matthew R. Hale
Cathy J. Dean
POLSINELLI, WHITE, VARDEMAN & SHALTON
700 West 47th Street, Suite 1000
Kansas City, MO 64112

John S. Pachter
Jonathan D. Shaffer
Jennifer H. McCabe
SMITH, PACHTER, McWHORTER & D'AMBROSIO
8000 Towers Crescent Drive, Suite 900
Vienna, VA 22182

Jerry L. Short
Assistant United States Attorney
Western District of Missouri
Charles Evans Whittaker Courthouse
400 E. Ninth St., Fifth Floor
Kansas City, MO 64106

/s/ Joel K. Goldman